## BLOODGOOD v. SMITH, ADM'R.

1. The affidavit required by law to be made of the justice of a claim, against an insolvent estate, may, if required, be made at the time of making the final settlement.

2. An oath required by statute to be made, in reference to any legal controversy, pending in any court of record, may be taken before a justice of the peace, unless the act requiring the affidavit to be made, directs it to be made, before another officer.

Error to the Orphans' Court of Mobile.

THE plaintiff in error filed a copy of his claim against the estate of Alexander J. Jude, with an affidavit of its justice, made before a justice of the peace, objections being taken to it, that the original was not filed in time, the court refused to permit it to be filed, and verified at the settlement of the estate, to which the plaintiff excepted. This is now assigned as error.

CAMPBELL, for plaintiff in error.

P. HAMILTON, contra.

The case in 12 Ala. 191, does not apply. The time for final settlement of estate, was not postponed; consequently, the court did not err in refusing to receive the new affidavit of Bloodgood.

The affidavits on file, were filed too late—more than six months after the decree of insolvency. They were not made before persons authorized to administer an oath. There is no statute authorizing a justice of the peace to administer oaths generally, and by the common law he was not so authorized—his power is given only in special cases, and does not extend beyond. Burns's Justice, "Oath." The same objection lies against the power of Mr. Maxwell, commissioner in New York. Clay's Dig. 166. Can the court take judicial notice of his being a commissioner?

DARGAN, J.—In the case of the administrators of Rutherford v. The Br. Bank at Mobile, decided at the last term, we held, that it was not necessary to file with the clerk, the original note, bill, bond, or other evidence of debt, against an insolvent estate, but that a copy, or a substantial statement, showing the character, date, amount, &c. was sufficient.

We also held, that if objections were made to the allowance of the claim, that the creditor could make the oath required by the statute, verifying the same, at the time of mak-

Bloodgood v. Smith, adm'r.

ing the final settlement, and that a claim could not be disallowed, because it was not verified by the oath of the claimant, before that time.   This decision must reverse the decree, disallowing the claim of the plaintiff in error, as he offered to make the affidavit required by law, at the time of the final settlement, but was not permitted to do so.

But we think the affidavit of the claim, made before a justice of the peace, was sufficient.   It has been the invariable practice in this State, to make affidavits in reference to any legal controversy pending in any court in this State, either before a judge or justice of the peace, unless the statute requiring the affidavit to be made, prescribes that it shall be done before some other officer; and in various acts allowing affidavits to be made, the legislature permits it to be done before a judge, justice of the peace, or the clerk of the court in which the suit or controversy is pending.   Without reference to the authority of a justice of the peace at common law, we think the long established practice, in connection with the various acts of the legislature giving the power to justices of the peace to administer oaths, is conclusive to show, that an oath required by statute to be made, in reference to any legal controversy pending in any court of record, may be taken before a justice of the peace of this State, unless the act requiring the affidavit directs it shall be made before another officer.

This is the first time the question has ever been made in this court, and we think the long settled practice should not be disturbed, but should be considered conclusive evidence of the authority of the justice to administer the oath.   See 2 McLean's Rep. 135; 9 Peters, 238.   In both of these cases, the acts of Congress did not prescribe a particular officer before whom the affidavit should be made, in support of the claim against the government of the United States; but the practice had been, under the regulations of the Secretary of the Treasury, to make them before a justice of the peace in any State.   The supreme court in the one case, and the

54

circuit court in the other, held, that the authority of the justice to administer the oath, was established by the practice that had been adopted to carry into effect those statutes. Without determining the other questions raised by the record, we will only add, that the decree rejecting the claim of the plaintiff in error is reversed, and the cause remanded.